EVAN LEWIS *against* THOMAS FISHER and SAMUEL R. FISHER, who survived ESTHER LEWIS, executors of SAMUEL LEWIS.

By a devise " two nephews and nieces of every description, mentioned in the will," of the residue of the testator's estate, the " children" of nephews and nieces, and denominated as such in the will, shall not take; nor shall a niece by marriage.

CASE stated, under the last will of Samuel Lewis, dated 21st May 1793, in these words:

" I Samuel Lewis &c., do hereby constitute and appoint my wife executrix, and her brothers Thomas Fisher and Samuel R. Fisher my executors, and direct them to pay my debts and funeral expenses. Item, I give and bequeath to my niece, Catharine Parker, the sum of 200*l.* to be paid to her within one year after my decease; and likewise I give and bequeath to my niece, Phœbe Gillingham, the sum of 200*l.*, to be paid to her within one year after my decease. Item, I give and bequeath to Hannah Cadwalader, my housekeeper, the sum of 100*l.*, to be paid to her within one year after my decease. Item, I give and bequeath to my well beloved wife, all and every part of the estate both real and personal devised to her by the will of her late father deceased, and the sum of 2000*l.*, and all my household goods and furniture at her own disposal; and all the interest arising out of the remainder part of my estate, during her natural life. Item, I give and bequeath to my niece, Catharine Parker, the sum of 500*l.*, to be paid her within one year after my wife's decease; and I give and bequeath to her eight children (to wit, Thomas, Samuel, Martha, Ester, Anne, Mary Catharine and Sarah,) each of them the sum of 100*l.*, and I give and bequeath to my niece, Martha Evans, the sum of 500*l.*; and I give and bequeath to her son Robert the sum of 100*l.*; to be paid after my wife's decease; and I give and bequeath to Mary, daughter of my niece, Esther Garrigues deceased, the sum of 100*l.*; and I give and bequeath to John Hallowel and Edward Hallowel, sons of Israel Hallowel deceased, each of them the sum of 100*l.*, to be paid after my wife's decease; and I give and bequeath to Mary Hallowel, widow of Israel Hallowel deceased, the sum of 100*l.*; and I

give and bequeath to Phœbe Gillingham th sum of 100l. ; and I give and bequeath to her children, (to wit, Martha, James and Esther,) each of them the sum of 100l. ; and I give and bequeath to Elizabeth Waring the sum of 500l. ; and I give and bequeath to her son, Thomas Parker the sum of 100l., each sum to be paid after my wife's decease ; and I give and bequeath to the children of William Clifton, (to wit, William, Hannah, John, Sarah and Catharine,) each of them the sum of 100l. Item, I give and bequeath to my nephews, Samuel Lewis, Evan Lewis and John Lewis, (sons of my brother, John Lewis deceased,) each of them the sum of 250l. ; and I give and bequeath to their sisters Rachel and Elizabeth, each of them the sum of 250l. ; and I give and bequeath to the children of my nephew Henry Lewis, deceased, each of them the sum of 100l., they being in their minority and their names to me unknown ; and I give and bequeath to the children of my niece, Catharine Knox, deceased, (to wit, Jane, James and Lewis Knox,) each of them the sum of 100l., they being in their minority, the above sums to be paid after my wife's decease, and when they shall arrive at the age of twenty one years. Item, I give and bequeath to the contributors to the Pennsylvania hospital the sum of 100l. &c.

Lastly, all the rest and residue of my estate, if any should remain when all my debts and legacies are paid, I give and devise to be equally divided among my nephew and nieces of every description, mentioned in this will, in equal proportions, part and share alike ; and also I give full power and authority to my executors, or the survivors or survivor of them, to grant, bargain, sell and convey" (all his lands, &c.)

At the time of making the said will, the testator had the several nephews and nieces therein named, and also certain other nephews and nieces, who were not named therein.

The father of said testator had two wives ; viz.

Lewis, by whom he had several children (besides the testator) whose children, or some of them, are called by the testator in his said will, his nephews and nieces ; and his second wife Catharine Lewis, by whom he had also several children, (brothers and sisters of the half blood of the testator,) whose children or some of them, are named in the said will as his nephew and nieces ; but no other person is by the testator in his said will, named as being his nephew or niece.

Catharine Parker, Phœbe Gillinham, Martha Evans, Elizabeth Waring, Israel Hallowel and Henry Lewis, were nieces and nephews of the testator of the whole blood ; and Esther Garrigues, Rachel

Lewis, Elizabeth Lewis, Catharine Knox, Samuel Lewis, Evan Lewis and John Lewis were nieces and nephews of the testator of the half blood.

Two questions were submitted to the court. 1. Whether the children of the nephews and nieces of the said testator, (that is, such of them as are named in the will,) were included in the terms "nephews and nieces of every description," and as such respectively entitled to the proportions of the residue of his estate?

2. Whether Mary Hallowel, the widow of Israel Hallowel deceased, who was a nephew of the testator, was entitled as a niece, to a proportion of such residue? Messrs. Rawle and Thomas for the great nephews and nieces argued, that they were more nearly of kin to the testator (those who were of the whole blood,) than the nephews and nieces of the half blood, and would be entitled to take in the same manner as "grand children" would take under a devise to "children;" and it could not be presumed, that the testator did not consider them as equal objects of his bounty, with their surviving uncles and aunts, being mentioned in his will. As to Mary Hallowel, she was a widow of a nephew of the whole blood. She is not stiled a niece in the will, but in fact was such, she having been the wife of a nephew. She may justly be deemed to be within the words, "nephews and nieces of every description, "mentioned in this will." And it is worthy of observation, that the will does not go on, saying "mentioned in this will as nephews and nieces."

It is not to be expected that authorities can be produced in the very expressions of the will; but the following cases may be cited as illustrative of the principle, under which they claim.

Legacies to first and second cousins; testator had at his death one first cousin, three first cousins once removed, and a great niece. All shall take, the intention being to give legacies to relations, not more remote than second cousins. 2 Bro. Cha. Ca. 125. Provisions for children held to extend to grand-children and great grandchildren. Ambl. 555. Under the word "children" in a will, grandchildren may take. The intent of a declaration of trust being to provide for several stocks, and at a distance of time, "children" extended to issue in general. 1 Vez. 200.

Money bequeathed to A for life, and if she died in the life of her husband, to go to the children of her sister B in such shares as A should advise, some of the children of B died leaving issue, and then A dies in the life of her husband, making no appointment.

Decreed, the money to be distributed among the children of B and their representatives, *per stirpes*, and not *per capita*. 2 Vern. 50.

A settles lands to the use of himself for life, remainder to such of his four children, and in such shares and proportions as A by any writing should appoint. A may not only limit the land to any of his children, but may charge the lands with any rent charge or sums of money for any of his children. 2 Vern. 80.

If one devises lands to A and his wife and their children or issue, and they have no children at the time of the devise, they have an estate tail. But if the devise be to A and his children or issue, and he then has children, they shall have a joint estate for life. The word " children " bears a sense co-extensive with "issue." 6 Co. 16, 17. *a.* Benl. 30.

Devise of several annuities, and after the decease of the annuitant, 50*l.* each to the children of D. D had then seven children, six of whom died in the life time of the surviving annuitant, and he had a daughter born after testatrix's death, but in the life time of the surviving annuitant. Decreed, that they were vested legacies, and that the after born child must be let in to take. 1 Bro. Cha. Ca. 386.

An elder son construed as a younger, were unprovided for by collateral relations. 2 Vez. 203.

An elder daughter where there is a son, is accounted a younger child, under a trust in marriage articles. 2 Atk. 457.

Grand children is a word of large extent, and takes in every body descended from the testator. Ambl. 603.

Mr. Lewis *é contra* for the plaintiff. The intention of the testator in his will, must determine both questions. There seems little room for presumption.

The will is drawn with caution. All the nephews and nieces whom the testator has in view, he particularly denominates as such in the whole of his will. But where he speaks of his great nephews or great nieces, he styles them the "children" of his nephews and nieces. This shows his meaning clearly, and excludes all presumption. The devise, to Mary Hallowel, is as the widow of Israel Hallowel, not as his niece. The case in Ambl. 603, seems decisive on both points. " Grand children " in common parlance, takes in every descendant, unless the intention appears to the contrary ; and Mary Hallowel cannot be considered as a niece, being only so by marriage. " Nephews and nieces of every description, " must refer to the testator's brothers and sisters of the whole and half blood, bewteen whom he makes no distinction.

The court declared their opinion clearly to be for the plaintiff, for the reasons given by his counsel, on both points. All the words of the will were fully satisfied by the construction which he contended for.