## COMMONWEALTH v. SOLOMON TELLER ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 21, 1891—Decided October 26, 1891.
[To be reported.]

Dealers in leaf tobacco, assessed by the mercantile appraiser, under § 11, act of April 22, 1846, P. L. 489, in one county where they have their warehouses from which all their sales are made, are not liable to be assessed also in another county where they purchase tobacco and have a warehouse to store but not to vend the same.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

No 35 July Term 1891, Sup. Ct.; court below, No. 36 March Term 1891, C. P.

Arguments.

On March 7, 1891, a case stated was filed wherein the Commonwealth was plaintiff, and Solomon Teller and others, trading as Teller Brothers, were defendants, setting forth:

"That the defendants, in the above case, have been assessed by the mercantile appraiser of the county of Lancaster, for the year 1890, under the act of assembly of April 22, 1846, for the payment of a license of seven dollars as dealers in leaf tobacco; that said defendants are residents of Philadelphia, Pennsylvania, where they have their principal warehouses from which all their sales of leaf tobacco, in which they deal, are made; that they were assessed by the mercantile appraiser for said city of Philadelphia, for the year 1890, for the payment of a license of eighty dollars as dealers in leaf tobacco; that they buy leaf tobacco in said county of Lancaster, and store it in their warehouse there; that they do not, and did not, during said year of 1890, sell any leaf tobacco in said county of Lancaster; that their business in Lancaster county is confined entirely to the purchase of leaf tobacco.

"The appeal of the above named defendants is to be considered as duly taken from the assessment made by the mercantile appraiser, under the act of assembly of April 11, 1862, [P. L. 492.]

"If the court be of opinion that said defendants were lawfully assessed, then judgment to be entered for the plaintiff in the sum of $7.75; but if not, then judgment to be entered for the defendants; the costs to follow the judgment, and either party reserving the right to sue out a writ of error thereon."

—Argument having been had, the court, PATTERSON, J., on March 18, 1891, without opinion filed, entered judgment for the commonwealth for $7.75. Thereupon, the defendants took this appeal, assigning said judgment for error.

*Mr. J. L. Steinmetz* (with him *Mr. J. E. Malone*), for the appellants.

Counsel cited: § 11, act of April 22, 1846, P. L. 489; § 1, act of April 7, 1830, P. L. 387; Norris v. Commonwealth, 27 Pa. 494; Hines v. Bank, 2 Ala. 466; Fleckner v. U. S. Bank, 8 Wheat. 338.

*Mr. W. U. Hensel*, Attorney General, (with him *Mr. J. Hay*

*Brown, Mr. E. K. Martin* and *Mr. Geo. A. Lane*), for the Commonwealth.

In addition to citations by appellants, counsel cited: Del. etc. Canal Co., 8 Pa. C. C. R. 497 ; Berks Co. v. Bertolet, 13 Pa. 524; § 3, act of March 24, 1824, 8 Sm. L. 201; § 10, act of May 4, 1841, P. L. 310.

OPINION, MR. JUSTICE CLARK:

The Teller Brothers, appellants in this case, are dealers in tobacco. They buy leaf tobacco in Lancaster county, where they have a warehouse for the storage of the tobacco thus purchased ; their business in Lancaster county, however, is confined to the purchase of leaf tobacco. Their residence is in Philadelphia, where they have their principal warehouses, from which all their sales of tobacco are made. They were assessed by the mercantile appraiser of the city of Philadelphia, for the year 1890, with a license duty of eighty dollars, and the only question now to be decided is whether or not they are also liable to assessment for a license duty upon their business in Lancaster county.

Under the acts of April 2, 1821, 7 Sm. L. 471, and March 4, 1824, 8 Sm. L. 199, a duty was laid upon " every person who shall deal in the selling " of foreign merchandise ; and by the third section of the act of April 7, 1830, P. L. 387, these license duties were graduated according to a certain classification based upon the amount of annual sales. By the tenth section of the act of May 4, 1841, P. L. 310, the imposition of this duty was " extended and applied to all persons engaged in the selling or vending " of all merchandise, of whatever kind or nature, whether foreign or domestic. All such " sellers or venders " were in the same manner classified upon the amount of their annual sales, and were required to pay a duty, large or small, according to their classifications. A question would seem subsequently to have arisen, whether a manufacturer, who kept a store for the sale of goods of his own manufacture, was subject to the duty ; and by the eleventh section of the act of April 22, 1846, P. L. 489, it was provided as follows :

" All dealers in goods, wares and merchandise, the growth, product and manufacture of the United States, and every person who shall keep a store or warehouse for the purpose of

vending and disposing of goods, wares and merchandise, where such person is concerned or interested in the manufacture of such goods, wares or merchandise, shall be classified in the same manner, and required to pay the same annual tax and license fee, as is provided and required in relation to dealers in foreign merchandise : Provided, that mechanics who keep a store or warehouse at their own shop or manufactory, for the purpose of vending their own manufactures exclusively, shall not be required to take out any license."

It is contended by the appellees that the class of persons liable to a license duty was extended by these provisions of the act of 1846 to dealers in, as well as venders of merchandise, and that the Teller Brothers, although they admittedly sold no leaf tobacco in Lancaster county, were liable as dealers in leaf tobacco. But, whatever the proper definition of "dealer" may be, it is to the statute we must look to see what class of dealers was intended. We find by the section of the act of 1846 above quoted, that these "dealers," as well as those who "keep a store or warehouse" for the sale of goods, etc., "are to be classified in the same manner, and required to pay the same annual tax and license fee, as is provided and required in relation to dealers in foreign merchandise." Now, as we have already seen that all dealers, whether of foreign or domestic goods, are to be classified according to the amount of their annual sales, it follows, of course, that the license duty applies only to such dealers as are engaged in the sale of goods, or have a store or warehouse for that purpose. It is admitted that the Teller Brothers were not engaged in the sale of tobacco, or any other kind of merchandise, in Lancaster county. Their sales were exclusively from their warehouses in the city of Philadelphia, where they were not only liable to a license duty, according to their proper classification, but where they have been actually assessed, and are held for payment of the same. It does not appear that any sales are made from their storage-house in Lancaster county ; the necessary implication from the facts set forth in the case stated is that the tobacco stored there, if sold at all, is removed to the Philadelphia warehouses, "from which all their sales of the leaf tobacco, in which they deal, are made."

It is clear that the defendants are not liable in Lancaster

county to a license duty, according to their annual sales made in Philadelphia, or they would be held to the payment of double duty. If it appeared that, although residing in Philadelphia, and having warehouses there, they were engaged in making sales of tobacco which were consummated by delivery from their warehouse in Lancaster county, a different question would perhaps be presented; but, under the facts as stated, the defendants are not liable for payment of any license duty in Lancaster county.

> The judgment is reversed; and judgment is now entered upon the case stated in favor of the defendants.