## Commonwealth v. Robb.

*Mercantile tax—Act of* 1899—*Effect of repealing clause on existing pro-*
*ceedings.*

The Act of May 2, 1899, P. L. 184, by its repealing clause, did not stop
proceedings already commenced under the then existing laws determin-
ing liability for mercantile tax.

*Mercantile tax—Dealer operating in county.*

A person engaged in the purchase of hay either baled or unbaled which
he sells baled to consumers, storing and baling in barns within Tioga
county, is a dealer within the meaning of the Act of April 22, 1846, P. L.
486, and he is liable to appraisement in the county where he receives and
stores his hay and delivers the subject of sale to the common carriers.

Argued Feb. 15, 1900.  Appeal, No. 18, Feb. T., 1900, by defendant in suit of Commonwealth of Pennsylvania against James L. Robb, from judgment of C. P. Tioga Co., Sept. T., 1899, No. 3½ dismissing appeal of defendant from assessment as a dealer in merchandise.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Affirmed. Opinion by ORLADY, J.

Appeal from decision of mercantile appraiser assessing appellant $40.00 as a hay dealer.  Before MITCHELL, P. J.

The following facts appear from the opinion of the court below:

It was admitted at the hearing that defendant bought and sold hay, grain and straw during the year 1898, the sales amounting in value to $50,000.  The assessment appealed from was based upon the dealings of the defendant for that year in this county.  Due and lawful notice of the assessment was given.  The defendant appeared before the appraiser and county treasurer, on the day of appeal, and his only objection then made was that he is not liable to a license tax under the law.

The defendant has barns at several railway stations in the county for storing hay and straw, but uses them for such storage only when he is unable to get cars in which to make shipment directly to purchasers.  In 1898 he sold about $25.00 worth of straw at Wellsboro for local consumption.  He does not store grain, having that delivered directly into cars for shipment.

The defendant's place of business, his office and residence are in Wellsboro.  But he makes purchases at different places in the county and ships them thence by rail, from the most convenient station.  At times he takes orders for these products at places without the county, and ships them wherever the purchasers desire them delivered.  Most of his business, however, is done by correspondence and otherwise, at Wellsboro.

Defendant filed the following reasons in support of his appeal:

1. Dealers in hay, straw and grain are not within the provisions of any act of assembly or law that makes such dealers liable to the payment of a mercantile tax.

2. There is no warrant of law for the assessment appealed from. The said assessment is unjust and illegal. The acts of assembly under which the proposed assessment was made were repealed by the act of the general assembly of Pennsylvania, approved May 2, 1899.

The court ordered that the appeal be dismissed and set aside and that defendant pay the costs. Defendant appealed.

*Error assigned* was, in not sustaining the appeal taken by defendant and in not entering judgment in favor of defendant with costs.

*Henry C. McCormick*, with him *David Cameron* and *Seth T. McCormick* for appellant.—The questions that have arisen under the act of 1846, where the tax has been sustained, have all related to manufactured articles.

The case of Commonwealth v. Evans, decided by the Supreme Court in 1884, reported only, so far as we know, in 2 Chest. Co. Reps., p. 383, is an important authority, if not a controlling decision, of the case at bar.

It should be stated as a further reason for reversing the judgment of the court below, that by act of assembly approved May 2, 1899, P. L. 184, the act under which it is sought to collect this tax, and all other acts relating to mercantile taxes, were repealed, without any reversation as to pending claims or cases ; so that there was not, when this case was heard, or since, any statute under which the tax for 1898 could be imposed or collected.

*Alfred J. Shattuck*, with him *M. F. Elliott*, *F. E. Watrous* and *H. F. Marsh* for appellee.—Judge BIDDLE in the case of Barton v. Morris, 10 Phila. 360, says : " A dealer is one whose business it is to buy and sell. It is a term of trade having as distinct and well known signification as that of merchant, mariner, or broker.

The act of 1846 distinguishes between dealers and manufacturers, and makes manufacturers taxable as sellers of merchandise, if they keep a store away from their manufactory for the sale of their goods : Com. v. Campbell, 33 Pa. 380.

The legislature in passing the act of 1846 understood the

words it was using. A tax was laid upon dealers—that is, upon those who should buy and sell.

Dealers therefore might and did evade the tax, as above stated, by having an interest in the factory. To prevent this the second clause of the act was added, taxing the manufacturers themselves wherever the goods manufactured were sold at a store separate from the workshop, but by express words exempting them in all other cases : Norris Brothers v. Com., 27 Pa. 494.

The case of the Com. v. Evans, 2 Chest. Co. Reps. 383, cited by the appellant was read in full to the learned court below and cited by counsel for the commonwealth.

The principle upon which that case was decided is very clear, but it does not rule the case at bar, and was not thought controlling against the commonwealth by the learned judge who heard the case below.

The second question which has been discussed in the case in the court below, and is referred to in the paper-book of the appellant, is the effect of the Act of May 2, 1899, P. L. 184.

The act of 1899, is prospective in its operation, intended to apply first to the year 1900, and thereafter. In the case of Telegraph Company v. Com., 66 Pa. 70, more fully reported in 3 Brews. Rep. 517, Chief Justice AGNEW, in delivering the opinion of the court, placed that construction upon a similar law.

OPINION BY ORLADY, J., July 26, 1900 :

The defendant appealed to the court of common pleas from the decision of the mercantile appraiser of Tioga county, who classed and appraised him as a dealer in hay, straw and grain, and assessed him with a mercantile license tax of $40.00. After a full hearing by the court below the appeal was dismissed and the record is brought before this court for review.

The appellant contends that he is not a dealer in any manufactured article, and does not make any sales in the county of Tioga within the purview of any act of assembly imposing a mercantile license tax ; and further that the Act of May 2, 1899, P. L. 184, repealed the former acts of assembly relating to mercantile taxes.

From the evidence taken on the hearing of the appeal in the

court below, it appears that the appellant bought and sold hay, grain and straw within the county during the year 1898, amounting in value to $50,000, of which amount he sold within the county $25.00 worth of straw for local consumption.

His residence, only place of business, and office are at Wellsboro, Tioga county. He solicited orders for these products from coal mining and other companies which are consumers and dealers, and filled the orders by delivering the articles on railroad cars at different stations in the county. The price he received included the freight charges. To facilitate his business operations he had seven storage barns, of an aggregate capacity of about 150 carloads, located at convenient shipping points where the hay, straw and grain were received from farmers and placed on the cars direct from wagons, or temporarily stored for future shipments. These barns, each of which was in charge of a local employee, were considered necessary in his business, as it was at times impossible to get cars, and at times it was necessary to have hay on hand. The hay was brought from farmers in both pressed and loose form, the loose hay being pressed or baled for shipment by appellant at his barns. He endeavored to anticipate his purchases of hay, straw, and grain by having a previous order for these articles, though at the time of the hearing he had in the storage barns between two and three carloads of hay awaiting sales. His business profit consisted in the difference between the buying and selling price. The Act of April 22, 1846, P. L. 486, under which the tax is claimed, is as follows: " Section 11, That hereafter all dealers in goods, wares and merchandise, the growth, product and manufacture of the United States, and every person who shall keep a store or warehouse for the purpose of vending and disposing of goods, wares and merchandise, where such person is concerned or interested in the manufacture of such goods, wares and merchandise, shall be classified in the same manner, and required to pay the same annual tax and license fee, as is provided and required in relation to dealers in foreign merchandise: Provided, That mechanics who keep a store or warehouse at their own shop or manufactory, for the purpose of vending their own manufactures exclusively, shall not be required to take out any license."

The amount of the tax in this case is not in controversy. In

Norris v. Commonwealth, 27 Pa. 494, a dealer, " in the popular and therefore in the statutory sense of the word, is not one who buys to keep, or makes to sell, but one who buys to sell again. He stands intermediately between the producer and the consumer, and depends for his profit, not upon the labor he bestows on his commodities, but upon the skill and foresight with which he watches the markets," and manufacturers of locomotives who do not make, except to supply orders and have no store or place of sale apart from their manufactory, were exempted from liability to the tax.

In Commonwealth v. Campbell, 33 Pa. 380, it was held that a tanner who bought hides and manufactured them into leather and sold the leather at the tan yard and to commission dealers who sold on a percentage, and who did not keep a warehouse, shop or store away from the tan yard for the purpose of vending the manufactured product, was not liable to the tax for the reasons that the sales made at the tannery were authorized by the proviso of the act; and it was held that the sales made away from the tannery were without the county and were taxable there, and that he was a manufacturer and not a dealer within the meaning of the statute. Dealers are the middle men between the manufacturer or the producer and the consumer. In Commonwealth v. Teller, 144 Pa. 545, it was held that dealers in leaf tobacco who had warehouses in Lancaster county for the storage of the tobacco there purchased were held exempt from the tax, but solely because Teller Brothers were not engaged in the sale of tobacco or any other kind of merchandise in Lancaster county, all the sales being made in Philadelphia county, where they were in fact assessed as such dealers, and held for payment of the tax. In Commonwealth v. Gormley, 173 Pa. 586, it was held that a plumber who buys pipes and fittings and fits them together in the shape of a steam and water heating system, and has no other store or place at which he does business as a buyer and seller, and who has no other place of business than his workshop and who gets paid by charging for his labor and the cost of material, is not a dealer within the meaning of this act. He does not sell the thing he buys. His own work must be added, a necessary and expensive part of the completed whole, as all parties know who have such bills to pay. The exemption enjoyed by a manufacturer

is confined to the plant used for the manufacture of its goods and the business of making and selling done there : Com. v. Potter, 159 Pa. 583. One who buys and sells live stock, such as horses and cattle, is not within the class contemplated by the act: Com. v. Evans, 2 Chest. Co. Rep. 383.

The appellant in this case is a dealer within the meaning of the act. He buys to sell, and does sell in unchanged form just what he buys. He adds nothing to the article by his labor or skill. He delivers the subject of sale to the common carrier with freight charges paid by him in Tioga county where he receives his payments, and where his exclusive business of buying and shipping hay, straw and produce is conducted. There he deals, contracts, keeps his accounts and pays his debts, and is engaged in no other business. By the Act of May 2, 1899, P. L. 184, sec. 9, it is made the duty of every mercantile appraiser appointed under the act on or before the first day of May, in each year, to certify to the county treasurer a correct list of all venders or dealers in goods, wares and merchandise, etc. By the 3d section of the act the appraisers are to be appointed by the county commissioners on or before December 13, in each year, etc., and while all acts or parts of acts—general, special or local—inconsistent therewith, are repealed, this act referred to the manner and system of providing revenue after it became a law, and it was not intended to relieve delinquents who had been properly assessed under existing laws from paying their share of the public burden. In the case before us, the appraisment was made February 20, 1899, and the appeal was taken on April 10, 1899, under the law then in force. Under the act of 1899 the term of the appraiser would not begin until January 1, 1900, and continue for three years, while the term of the appraiser who made the assessment would not expire until December 31, 1899, it being for one year under the former acts. The repealing clause did not stop proceedings already commenced, as it did not in any manner affect the jurisdiction of the court to determine the liability of appellant for the tax due by him for 1899: Hickory Tree Road, 43 Pa. 139. The repealing statute provided the manner of imposing a mercantile license tax after January 1, 1900, at which time the new appraiser assumed his duties.

The judgment is affirmed.