## Goodhart v. Myers.

*School law — Teachers — Election of teachers — Relationship between teacher and director—Uncle by affinity—Words and phrases—School Code of May 18, 1911.*

1. Under the School Code of May 18, 1911, § 1207, P. L. 309, a person seeking election as a teacher is not required to receive the affirmative votes of three-fourths of all the members of the board where he is the full brother of the mother of the wife of one of the school directors.

2. The section of the Code in question contemplates that the candidate for election as teacher shall require a three-fourths vote where he is the uncle by consanguinity of a director; not where he is an uncle by affinity only.

Petition for mandamus. C. P. Cumberland Co., Oct. T., 1922, No. 39.

*J. W. Wetzel,* for plaintiff.

*John D. Faller* and *Jasper Alexander,* for defendant.

BIDDLE, P. J., March 6, 1923.—On Oct. 11, 1922, McClellan Goodhart, the plaintiff, applied to the court for a writ of alternative mandamus upon the defendant, Ralph L. Myers, requiring the defendant, as Secretary of the Board of Directors of the School District of Penn Township, to sign an order or voucher for the payment of the plaintiff's salary as a teacher in said school district, and a writ of alternative mandamus was granted, as prayed for, on the same day.

On Oct. 28, 1922, an answer to the writ was filed, denying a number of the essential averments of the petition, and alleging that the plaintiff was not a duly elected and qualified teacher in the school district, and was, therefore, not entitled to receive any pay.

Subsequently the parties agreed upon a statement of facts in the nature of a special verdict, both reserving the right to appeal. Of the facts agreed upon, the following ones raise the essential points in the present case:

1. The plaintiff, McClellan Goodhart, was, on June 10, 1922, at a regular meeting of the Board of Directors of the School District of the Township of Penn, Cumberland County, Pennsylvania, voted for as a teacher of the public schools in the said township for the current school year of 1922-23, at a salary of $100 per month, and received three votes for his election and two votes against his election.

2. That among the three votes for the election of the said plaintiff as a teacher was the vote of one Elmer Reese, a school director of the said school district.

3. That the said McClellan Goodhart, plaintiff, in pursuance of said alleged election, took up the duties of a teacher of the said public school at Hays Grove, said township, and has since the opening of the said school in the said

3 D. & C.

school district, to wit, August, 1922, performed the duties of a teacher of the said school in the said school district.

4. That the said Ralph L. Myers, defendant, is the secretary of the said board of directors of the said school district.

7. That the said Elmer Reese, school director as aforesaid, is the husband of a daughter of a full sister of the plaintiff, McClellan Goodhart.

It was further agreed by the parties as follows:

"If the court be of the opinion that the plaintiff, McClellan Goodhart, is not related to Elmer Reese, a member of the Board of School Directors of Penn Township, within the meaning of section 1207 of the School Code, then judgment to be entered for the plaintiff, awarding a writ of peremptory mandamus in this behalf; but if the court be of the opinion that said McClellan Goodhart is related to the said Elmer Reese, within the meaning of the said act, then judgment to be entered for the defendant; costs, in any event, to be paid by plaintiff."

As will be seen by the foregoing, the question to be determined is a very narrow one, namely, whether the relationship between the plaintiff, McClellan Goodhart, and Elmer Reese, one of the school directors who voted in favor of his election as a teacher in the School District of Penn Township, is such as was contemplated by the legislature when section 1207 of the School Code was enacted, that section reading as follows:

"No teacher shall be employed in this Commonwealth, by any board of school directors, who is related to any member of the board; as father, mother, brother, sister, husband, wife, son, daughter, stepson, stepdaughter, grandchild, nephew, niece, first cousin, sister-in-law, brother-in-law, uncle or aunt, unless such teacher receives the affirmative votes of three-fourths of all the members of the board."

If that section was intended to apply to the relationships mentioned only when they were relationships by consanguinity, and not when they are such by affinity also, then the plaintiff is entitled to the relief which he seeks, because his relationship as uncle to Elmer Reese is by affinity only, and not by consanguinity. If, on the other hand, the reference in the section of the Code refers to an uncle by affinity as well as to one by consanguinity, then the plaintiff was not properly elected as a teacher for the School District of Penn Township, and would not be entitled to any pay from that district, and the defendant would be justified in refusing to make out and sign the customary and required order for the payment of the plaintiff's salary.

So far as we have been able to ascertain, the direct point raised here has not been passed upon by any courts of this State. One of the Deputy Attorneys-General has held (see 62 Pitts. L. J. 496) that the section quoted is not intended to apply to uncles by affinity. On the other hand, the defendant in the present case was advised by the assistant to the Superintendent of the Department of Public Instruction that the section in question, No. 1207, covered uncles by blood and uncles by marriage; and where another relationship, under the same section, was under consideration in Hilbert *v.* Conlon, 40 Pa. C. C. Reps. 281, Judge Garman intimated that perhaps affinity might be covered by the term "uncle, aunt, nephew and niece." So that, so far as any of the authorities quoted are concerned, the weight of opinion appears to be evenly balanced.

As was pointed out by Judge Garman in his opinion in Hilbert *v.* Conlon, 40 Pa. C. C. Reps. 281, the section of the act in question is in derogation of the general rights of citizens of the Commonwealth, and in this view of the section we entirely concur; and, holding this view of it, we are also of the

opinion that the section is to be strictly interpreted and not to be given an extensive interpretation: The Hickory Tree Road, 43 Pa. 139; Bear v. Bear, 33 Pa. 525; Smith v. Railroad Co., 182 Pa. 139; Pennock v. Water Co., 15 Dist. R. 742.

A strict interpretation of the section of the act involved here requires, we think, a determination in favor of the plaintiff and against the defendant. It is true that a number of the dictionaries define an uncle to be the brother of a father or mother, and also as the husband of an aunt, which would bring the relationship within the rule of affinity as well as that of consanguinity; but, so far as we have been able to ascertain, this extension of meaning is not found in the legal dictionaries and digests. An uncle is defined in Cyc. as "the brother of a father or mother:" 39 Cyc., 669.

Again, "an 'uncle' is defined to be the brother of a father or mother, and according to the common understanding, there is no distinction between the whole and half-blood:" 29 Am. & Eng. Ency. of Law (2nd ed.), 94; 8 Words and Phrases (1st ed.), 7154.

The question for determination is, we think, the legal effect to be given to the terms used, and that effect should be the effect that is given in legal dictionaries and publications in cases involving purely legal questions. Under our Pennsylvania statute of distributions, the terms "uncle" and "aunt" are found as among those who constitute collateral heirs and next of kin of some decedents; but in no case that we have been able to find has this been held to apply to any except those who held this relationship by consanguinity; never to those who held it by affinity. And the same construction appears in the various cases where wills making bequests to such relatives have been before the court for consideration.

Thus, where the will made "nephews and nieces" the residuary legatees of the decedent, a niece by marriage was held not to be included: Lewis v. Fisher, 2 Yeates, 196.

And, again, where a testatrix had made a bequest to all her nephews and nieces, the court said: "On a strict interpretation, therefore, the bequest of this testatrix to all her nephews and nieces excludes, or rather does not include, the nephews and nieces of her late husband:" Green's Appeal, 42 Pa. 25; Root's Estate, 187 Pa. 118.

It was argued with much force and ability by the counsel for the defendant that an examination of the section of the Code under consideration made it clear that the word "such" was to be considered as inserted between the words "board" and "as," so that it would read, "who is related to any member of the board; such as father, mother," etc. We have considered this suggestion carefully, but are unable to agree with it. The legislature has gone to such a length in mentioning the various persons related, both by consanguinity and affinity, that we are unable to think that the various relationships mentioned were given merely as illustrative of the general principle. We think, on the contrary, that the disability imposed by that section of the Code was intended to be restricted to those related only as set out in that section, and, as we have stated before, as far as uncles are concerned, we think the relationship must be restricted to those who are uncles by blood and not extended to those who are uncles by marriage.

Under the agreement of counsel, therefore, our present determination must be in favor of the plaintiff.

And now, March 6, 1923, in accordance with the agreement of the parties hereto, a writ of peremptory mandamus is awarded in this case, directing the defendant, Ralph L. Myers, to make out and sign the usual, customary and
    3 D. & C.

required order upon the treasurer of the school district to pay the salary of the plaintiff as a teacher in the School District of the Township of Penn for the months that he has taught since the opening of the fall term for 1922; costs to be paid by the plaintiff.     From J. W. Wetzel, Carlisle, Pa.