## The Pacific and Atlantic Telegraph Co. *versus* The Commonwealth.

The Act of May 1st 1868, consolidating the tax laws, is prospective in its operation and therefore in its repealing clause, and did not affect settlements made before its passage.

May 20th 1870. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Dauphin county :* No. 52 and 53, to May Term 1870.

On the 10th of February 1869, the accounting officers of the Commonwealth settled two accounts against the Pacific and Atlantic Telegraph Company, one for tax on net earnings amounting to $1607.73, the other on capital stock to $2917.52.

On the 18th of May 1869, the Commonwealth instituted two actions against the company for the recovery of these sums, and on the same day declarations were filed. On the 20th of July, the company presented to the auditor-general an appeal from the taxation with specification, viz.:

"That at the time said settlement was made, there was no law in existence authorizing the settlement of tax against the said company on capital stock, for the years 1866 and 1867 ; the Act of April 12th 1859 having been repealed by the Act of May 1st 1868."

The auditor-general would not allow the appeal because "not offered within sixty days from notice of settlement." The appeal and specification were filed in the cases in court. On the same 20th of July the company filed this affidavit of defence, viz. : that

they had " a good defence to part of plaintiff's demand in this case, the nature and character of which is, that the settlement of the accounting officers of the Commonwealth so far as regards the tax on capital stock of the company for the years 1866 and 1867, was made without authority of law, there being at the time no law in existence authorizing such settlement or requiring said company to pay any such tax for said years."

The 16th section of the Act of May 1st 1868 repealed certain sections of the Act of April 12th 1859 under which this tax was laid so far as they were by the Act of 1868 " altered or supplied." Pearson, P. J., in delivering the opinion of the court, said : * * * " The first and very serious objection to the sufficiency of this affidavit is, that it does not negative the fact of notice of the settlement at the department, although that is averred in the *narr.* to have been given within thirty days after the same was made, and a copy thereof sent to the company. Besides the law would presume that the officers did their duty, and they were required to give notice." * * *

" The appeal in this case was tendered and offered to be taken on the 20th of July, which is in time so far as regards the notice by suit, but the auditor-general refused the appeal on the ground that actual notice had been given. This is also averred in the *narr.*, and not answered by the affidavit as already stated. We must, therefore, as regards this affidavit, take it as conclusive that the defendant was duly notified and failed to appear in time ; the consequence is, it is concluded by the settlement. Can this court take into consideration the repeal of the laws under which the tax was assessed ? We think not, if the settlement is conclusive. It is just as fixed and determined as the judgment of a court. It is said, however, that the laws having been repealed under which these taxes were assessed, there was a total want of jurisdiction, and the action of the state officers is a nullity. They certainly had general jurisdiction over the subject of taxes assessed against this corporation, and to determine for what years the same was due. If they decided erroneously, either as to particular years, or the general amount, the mode of redress was by appeal. The affidavit of defence, which should be full in all of its parts, does not even state that one had been taken or offered. A few words as to the effect of the repealing the laws under which a portion of these taxes were assessed for the years 1866 and 1867. * * * The legislature in consolidating all of the tax laws against corporations, inadvertently repealed the former statutes without providing for collecting the outstanding taxes assessed under the repealed laws. We have no doubt that it was not the intention of the legislature to exonerate or discharge the debtors to the government, but the legislature designed that the new laws should go into effect at the time the old ones ceased to act." * * *

[Pacific & Atlantic Telegraph Co. *v.* Commonwealth.]

The court entered judgment in each case for want of a sufficient affidavit of defence: in the first case the judgment was for $1750.76; in the second for $3177.14.

The defendants took out writs of error and assigned the entering of judgment for error.

*S. J. M. McCarrol* and *C. B. M. Smith* (with whom was *D. Fleming*), for plaintiffs in error, referred to Acts of April 12th 1859, Pamph. L. 529, May 1st 1868, Pamph. L. 114, Purd. 951, pl. 127, 1537, pl. 33. As to the repeal: Sedgwick on Statutes 129, 132; Commonwealth *v.* Duane, 1 Binney 601; Stoever *v.* Immel, 1 Watts 258; Butler *v.* Palmer, 1 Hill 324; Hampton *v.* Commonwealth, 7 Harris 329; Bedford *v.* Shilling, 4 S. & R. 401; Sedgwick on Statutes 190, 191, 202, 231, 295, 307–311; United States *v.* Fisher, 2 Cranch 358; The Paulina *v.* United States, 7 Id. 52.

*J. McClure* and *F. Carroll Brewster*, Attorney-General, for the Commonwealth, defendant in error.—As to notice of settlement: Hutchinson *v.* Commonwealth, 6 Barr 124. As to repeal, they referred to Act of April 24th 1869, Pamph. L. 69, which enacted that the repealing clause of the Act of 1868 should be read " except so far as shall be necessary to collect taxes assessed," &c.: Laxawaxen Turnpike *v.* Com., 9 Barr 20; Moore *v.* Houston, 3 S. & R. 185; Albertson *v.* Robeson, 1 Dallas 9; Hickory Tree Road, 7 Wright 139; Uwchlan Township Road, 6 Casey 156; Brinker *v.* Brinker, 7 Barr 53; Mon. Navigation Co. *v.* Coons, 6 W. & S. 101; Susquehanna Canal Co. *v.* Wright, 9 Id. 9; Attorney-General *v.* Pougett, 2 Price 381.

The opinion of the court was delivered, July 7th 1870, by

AGNEW, J.—We are inclined to think the court below was right on the question of notice, which the affidavit of defence failed to deny; but it is unnecessary to decide that question; as we are of opinion the Act of 12th April 1859, and the 1st, 2d, 3d, 5th and 6th sections of the Act of April 30th 1864 are not repealed so far as they involve the purpose of the settlements in question. It would be difficult to answer the argument of the plaintiff in error, if the repeal contained in the 16th section of the Act of May 1st 1868 were absolute. It is not, however, the repealing clause being qualified so as to repeal former acts only so far as they are altered and supplied by the Act of May 1st 1868. If we examine the Act of May 1st 1868 we shall find it entirely prospective in its operation, and consequently prospective only in its repeal; for it is only in this respect the act alters and supplies former acts. *Hereafter*, says the 1st section, no company shall go into operation without being registered. *Hereafter*, says the 2d section, it shall

[Pacific & Atlantic Telegraph Co. *v.* Commonwealth.]

be the duty of corporation officers to make the annual returns required for taxation.   So in all the following sections the language imports future action.   The Act of May 1st 1868 was drafted and reported by a commission consisting of the auditor-general, secretary of the Commonwealth and state treasurer, under the Act of 12th April 1867, "to revise, collate and digest all public acts and statutes regulating and relating to the system of taxation."   It is not likely that gentlemen so familiar with the system of state taxation of corporations would intend an absolute repeal, and a consequent loss of all former uncollected taxes.  , No doubt the repealing clause was drafted in terms to avoid this effect, and therefore to extend no farther than the act itself was intended to operate, to wit, upon future taxation.   Hence the qualified language of the clause.   The settlement of accounts and the proceedings to enforce payment do not depend upon the laws repealed, but upon general laws, not repealed.

The judgments in those cases are therefore affirmed.