## Scranton City, Appellant, *v.* Stokes (No. 1.)

*Municipal liens—Procedure—Scire facias—Acts of June 16, 1836, P. L. 695, May 23, 1889, P. L. 277, May 16, 1891, P. L. 69, and June 4, 1901, P. L. 364—Statutes—Repeal.*

The Act of June 4, 1901, P. L. 364, which created a new and complete system for the collection of municipal claims is retroactive in effect, and does not repeal the Act of May 16, 1891, P. L. 69, as to municipal claims which accrued before the approval of the act of 1901. The reason for this is found in the language of the latter act and the fact that claims theretofore filed did *not* conform in all respects to *its* requirements.

A writ of scire facias issued after the passage of the Act of June 4, 1901, P. L. 364, and conforming to the procedure therein prescribed cannot be issued to enforce the collection of a municipal claim for paving which had accrued and been assessed prior to the passage of the act of 1901.

Argued Jan. 13, 1905. Appeal, No. 29, Jan. T., 1905, by plaintiff, from order of C. P. Lackawanna Co., May T., 1903, No. 733, quashing writ of scire facias in case of City of Scranton v. P. W. Stokes. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Scire facias sur municipal claim for paving. Before KELLY, J.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court quashing the writ.

*David J. Davis*, city solicitor, with him *H. R. Van Deusen*, assistant city solicitor, for appellant.—We maintain that the writ issued in this case fulfilled all the requirements for a valid scire facias under the common law and the acts of assembly as to municipal liens : Irwin v. Nixon, 11 Pa. 419 ; Dougherty's Estate, 9 W. & S. 189 ; Arrison v. Com., 1 Walsh, 374 ; Hersch v. Groff, 2 W. & S. 449 ; Peterson v. Lothrop, 34 Pa. 223.

*Thomas P. Duffy*, for appellee.

OPINION BY HENDERSON, J., July, 23, 1905 :

The lien in this case was filed under the provisions of the act of May 23, 1889, P. L. 277.   The 22nd section of Art. xv. of that act authorizes the collection of such claims by a personal action against the owner " or proceedings thereon may be had by scire facias similar to the proceedings in the case of mechanics' claims.   The plaintiff elected to proceed against the property. The form of a writ of scire facias on a mechanic's lien is prescribed by the 15th section of the Act of June 16, 1836, P. L. 695.   The writ is directed to the sheriff, reciting the record and commanding him to summon the defendant to appear on the return day of the writ.   The 16th section of the same act provides that no scire facias shall in any case be issued within fifteen days prior to the return day of the next term.   A mode of procedure for the collection of municipal liens was provided by the Act of May 16, 1891, P. L. 69.   It is therein provided that the lien filed shall be proceeded upon for collection by writ of scire facias in accordance with the course of the common law, and that such writ shall be made returnable to the monthly or other return day in the respective courts.   It is provided in the 4th section that if the writ be served and no appearance be entered on or before the return day the plaintiff shall be entitled to judgment after the return day, and that if an appearance be entered the plaintiff shall also be entitled to judgment unless a sufficient affidavit of defense be filed within fifteen days after the return day.   Such was the method of procedure prior to the passage of the Act of June 4, 1901, P. L. 364.   The latter act creates a complete system for the

collection of municipal claims. It is apparent, however, that this act was only intended to apply to municipal claims thereafter to be imposed or assessed. Section 2 declares that "all taxes which may hereafter be lawfully imposed or assessed" shall be a first lien, and section 3 that "all municipal claims which may hereafter be lawfully imposed or assessed" shall be a lien, etc. The last clause of the act contains the following declaration: "It being intended that this act shall furnish a complete and exclusive system in itself so far as relates to the practice and procedure for the filing, collection and extent of tax and municipal claims, the right to file which accrued after the approval of this act." It is a fair conclusion from the language of the statute that notwithstanding its repealing clauses it was not intended to repeal the act of 1891, so far as it applied to the collection of claims, the right to file which accrued before the approval of the act of 1901. The reason for this is found in the language of the act and the fact that claims theretofore filed did not conform in all respects to its requirements. Any other view of the case would deprive municipalities of the right to proceed against property subject to liens existing before the passage of the act of 1901, unless we give to that act a retroactive effect, neither of which we think was intended by the legislature.

The plaintiff apparently proceeded under the act of 1901 in issuing the writ under consideration and, although conceding that the act of 1901 is only applicable to liens thereafter created, contends that the writ issued is a scire facias within the meaning of the acts of 1889 and 1891. Neither of these acts authorizes a writ in the form presented for our consideration. The act of 1889 provides for a proceeding in accordance with the act of 1836 regulating the collection of mechanics' liens. The form of writ of scire facias is there prescribed. The act of 1891 requires that the writ be made returnable to a monthly or other return day. The general character of the writ of scire facias is a mandate to the sheriff reciting the conditions out of which it issues and directing him to summon the party named therein to appear before the court on the return day to show cause why the plaintiff should not have the relief allowed by law in the premises: 2 Troubat & Haly's Prac., sec. 1919.

The writ issued was not addressed to the sheriff, contained no mandate to summon the defendant, nor was it by its terms made returnable to a return day, as required by the act of 1891. It required the defendant to file an affidavit of defense within fifteen days after service, whereas the act of 1891 only entitled the plaintiff to judgment for want of an appearance after the return day, and to judgment for want of an affidavit of defense after fifteen days from the return day. The action of the court was therefore correct in quashing the writ, and the judgment is affirmed.