# Philadelphia to use, Appellant, *v.* Mason.

*Municipal liens—Registered owner—Scire facias—Judgment—Opening judgment—Act of March 23, 1866, P. L. 303.*

Where the actual and registered owner of a city lot in the city of Philadelphia against which a municipal lien had been filed, conveys the lot by deed, and the grantee immediately registers his deed in the registry bureau, and subsequently the city files an affidavit in which the grantor is named as the owner or reputed owner of the lot, and that service had been made upon him, and on the same day a sci. fa. is issued against the grantor and is served upon him, and before the return day the grantee's name is suggested by the city and the use plaintiff as the actual and present owner, but the writ of sci. fa. is not served upon him, a judgment against the grantor for default cannot be sustained, and will be opened at the instance of the grantee. In such a case the entry of the general appearance by the grantee nine years after the claim was filed cannot be construed as a waiver of the defense that the lien of the claim had expired four years before the appearance was entered.

*Municipal lien—Statutes—Repeal of statutes—Acts of March 23, 1866, P. L. 303, and June 4, 1901, P. L. 364.*

The Act of June 4, 1901, P. L. 364, did not repeal the Act of March 23, 1866, P. L. 303, as to municipal liens filed prior to the date of the later act.

*Appeals—Municipal liens—Opening judgment—Striking off lien.*

Where the court of common pleas opens a judgment entered on a municipal lien, but does not strike off the lien, and the plaintiff appeals from the order opening the judgment, and the defendant does not appeal from the refusal to strike off the lien, the appellate court in affirming the order opening the judgment will not in the absence of an appeal by the defendant make an order striking off the lien.

Argued Dec. 9, 1907. Appeals, Nos. 174 and 191, Oct. T., 1907, by plaintiff, from orders of C. P. No. 2, Phila. Co., Dec. T., 1897, No. 1,525, discharging rule for judgment for want of a sufficient affidavit of defense and in opening judgment in case of City of Philadelphia to use of the Vulcanite Paving Company v. Samuel M. Mason. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Scire facias sur municipal lien.

Rule for judgment for want of a sufficient affidavit of defense.

Rule to open judgment.


WILTBANK, P. J., filed the following opinion:

The question raised by the defendant Morrell is exclusively of procedure, and turns upon the provisions of the acts of assembly relating to the discharge of a lien for municipal paving upon the failure of the city to serve the registered owner of the land. The work was done, and a claim was later duly filed in this court on February 19, 1898. At that date Samuel M. Mason was the registered owner and defendant. On January 3, 1899, George B. Morrell acquired title to the land through sheriff's sale, and his deed was registered the same day. On June 4, 1901, an act of assembly providing inter alia a general system for the filing of municipal claims, the extent of the liens created, the procedure upon claims, the methods of preserving liens and enforcing payment of claims, etc., etc., became the law. (P. L., 1901, 364.) This act repealed and supplied the place of the then body of law for the creation of municipal liens and the collection of claims secured thereby. On March 24, 1902, a scire facias issued on the claim in suit, which was directed against Samuel M. Mason as the owner, and was thereafter returned in proper form as to him. Before this return, however, to wit, on March 26, 1902, two days after the writ went out, the city filed a suggestion of George B. Morrell as the actual and present owner. Morrell was not brought in by notice or writ, and on May 24, 1902, judgment was taken on the writ as issued against Mason for want of an affidavit of defense.

The record discloses that up to the taking of this judgment Morrell had not been notified or served, nor had he taken action in the case. His ownership was not suggested by him, but, according to his undisputed declaration which must be taken as true on this motion for judgment, it was suggested by the plaintiff without any notice to him. His first movement was of December 18, 1906, eight years and ten months after the

filing of the claim, when he presented a petition to this court on which there was granted a rule on the city to show cause why the judgment above described should not be opened. In this proceeding the date of the registration of this deed was established, as we have already stated it, to wit, January 3, 1899. On January 15, 1907, the rule was made absolute; whereupon he filed an affidavit of defense on the 26th, or eleven days later. A rule for judgment on this affidavit as insufficient was discharged by us on March 4, 1907.

The facts averred in the petition that the judgment be opened and in the affidavit of defense were according to the above narration, and on the prima facie case thus shown and brought to our attention in this form, we adjudged the matter not ripe for a judgment in favor of the claimant.

On March 20, 1907, the plaintiff sued out two writs of scire facias against Mason and Morrell; one to revive the claim, the other to revive the judgment. The writs as against Morrell were duly returned, and on April 15, 1907, he filed an affidavit of defense. This set forth the facts relied upon in his earlier affidavit, to wit, that of January 26, 1907, and is the subject of the rule for judgment now to be disposed of.

The revival of a judgment standing opened may be the object of a proceeding in order that its lien may be preserved, and in this case the writ to revive the judgment must be treated with the writ to revive the lien as bringing in Morrell in order that he might show cause if any he had why the lien should not survive. His affidavit, as we have said, exhibiting the same state of facts which we deemed at an earlier stage sufficient to preclude a judgment against him, the question presents itself whether under the new circumstance of his having been summoned by these writs of revivor he is still in a position to dispute a recovery.

As the claim was filed prior to the act of June 4, 1901, and as that act relates to claims to be thereafter lawfully imposed or assessed, the new legislation does not in matter of substance apply, and we have only to consider whether we may distinguish the procedure on the claim, which procedure had its inception subsequently to that date, and test it by the provisions

of the new act; or should we advance in due course under the practice acts of the earlier legislation.

It is clear upon examination of the record that the claimant has not in his process availed himself of the act of June 4, 1901. The original sci. fa. on the claim and the later writs to revive are not in accordance with the directions of the seventeenth and twenty-first sections of that act, but vary in important particulars therefrom: nor did the sheriff comply with the mandate of the eighteenth section and add the name of George B. Morrell to the original sci. fa. either upon instruction of the claimant or upon his own investigation, although at that time Morrell had been for more than three years the registered owner of the land. Whilst in this case it is determined that the new system of 1901 did not affect the claim which had been validly created prior thereto and subsisted at its date, yet we are not prepared to say that the legislation referred to was inoperative in respect of the process for the continuance of the lien and the collection of the debt. We find no warrant in law to hold that there are to-day concurrent systems of procedure, one for claims arising before the last act, the other for those arising after it, involving different rules for notice, different duties as to inquiry, different forms of writ, and different circumstances for judgment, and one of them flowing from legislation carefully annulled. It would be a novel course only sustained by indubitable mandate to project the operation of repealed statutes indefinitely into the future until all the possibilities of revivor of municipal claims existing at the enactment of June 4, 1901, should have been exhausted.

It is not necessary, however, that we should decide the point. The process is not in compliance, as we have shown, with the provisions of the act of 1901, and if our construction of that act were to relegate us to the earlier subsisting law we would again find the process insufficient because not in compliance therewith. If the claim is to be held unaffected by the act of 1901, in its substance and also as to the practice for collection, the objection of the defendant must prevail that the provisions of the Act of March 23, 1866, P. L. 303, and of June 10, 1881, P. L. 90, are applicable. By the second section of the former

act the name of the true owner should have been ascertained and suggested before the issuance of the writ of scire facias. We regard the fact that the city put upon the record the name of Morrell as the actual and present owner as requiring us to consider that some effect was intended and produced, and we must hold the city aware of the date of Morrell's registration, to wit, January 3, 1899, although she did not furnish it in her suggestion, and is estopped from denying it now. The city has volunteered this action, which may be viewed in one of two ways: first, as in the nature of an amendment of the record so as to substitute the name of Morrell for that of Mason, in which event the lien by this time would have lapsed; or, second, as indicating by implication of the date that after claim filed but before scire facias Morrell became the actual owner. Under the latter construction we would be obliged to treat Morrell as within the provisions of the Acts of March 14, 1865, P. L. 320, and March 29, 1867, P. L. 600, relating to registration of deeds, taken in connection with the act of March 23, 1866, and the act of June 10, 1881, just cited. It therefore appears that whether we regard the claim as to be prosecuted and collected under the law as it stood before the act of June 4, 1901, or under the law as it was established by that act, the plaintiff has not shown himself entitled to judgment. The rule is discharged.

*Errors assigned* were the orders of the court.

*Chas. Francis Gummey,* with him *M. Hampton Todd,* for appellant.—When a property is sold under a claim accruing after the registration of the deed, it must be sold in the name of the registered owner; not that subsequent owners must be joined in proceedings to revive the claim or to reduce the same to judgment: Kuntz v. Schumacher, 120 Pa. 131; Philadelphia v. Nell, 31 Pa. Superior Ct. 78; Philadelphia v. Lukens, 22 Pa. Superior Ct. 298.

*C. Berkeley Taylor,* for appellee.—The act of 1901 did not apply to liens filed prior to its passage: Scranton v. Stokes, 28 Pa. Superior Ct. 434.

Neither municipal nor mechanics' liens are according to the

common law, and therefore in order to justify them or judgment upon them some statutory authority must be pointed out: Jones v. Beale, 217 Pa. 182; Philadelphia v. Cooper, 212 Pa. 306; Hood v. Norton, 202 Pa. 114.

This court is requested, under its power to amend or modify judgments, to direct the striking off of this lien, as was asked for by defendant under his rule dated December 18, 1906: Rodgers v. Black, 15 Pa. Superior Ct. 498.

OPINION BY RICE, P. J., December 7, 1908:

In February, 1898, when this municipal claim for cartway paving was filed, Samuel M. Mason was the actual and registered owner of the lot against which the claim was filed, and was so described in the claim. In January, 1899, George B. Morrell acquired title to the lot, and on the same day registered his deed in the registry bureau of Philadelphia. On March 24, 1902, the affidavit of H. S. Kenney was filed by the city and the use plaintiff. It set forth that Samuel M. Mason was then the owner or reputed owner of the lot, that he had a known residence in the city, and that on February 13, 1902, the affiant served on him by copy left at his residence a notice that if the claim was not paid within ten days a writ of scire facias would be issued. On the same day that the affidavit was filed, a scire facias was issued against Samuel M. Mason, which was returned by the sheriff as having been served on Mason by copy left at his dwelling house with an adult member of his family and by posting on the lot described in the claim a copy of the writ, "there being no person found in possession thereof." Two days after the writ was issued, and more than three weeks before the return day, the city solicitor and the solicitor of the use plaintiff joined in suggesting of record that George B. Morrell was the actual and present owner; but the scire facias was not served upon him and no notice was given to him of the then pending proceedings. Two months later, judgment was entered against Samuel M. Mason in default of an affidavit of defense for the amount of the claim, with interest and counsel fee.

Here the case rested until December 18, 1906, when, upon

the petition of Morrell setting forth in substance the above-recited facts and proceedings, the court granted a rule to show cause why the judgment should not be opened and the lien be stricken off, which rule, so far as opening the judgment was concerned, was made absolute on January 15, 1907.

On January 26, 1907, Morrell, by his attorney, entered an appearance in the case and filed an affidavit of defense setting forth the facts and proceedings above recited and concluding as follows: "Deponent is advised that the scire facias issued in the above cause was not available to continue the lien of said municipal claim against him, he not being a party thereto or served within five years from the date of filing the lien, and further that as more than five years has elapsed since filing of said lien and the same was not revived by scire facias in which he was named, or of which he had ten days' written or printed notice to make payment to the City Solicitor before the issuing of said writ in accordance with the Act of March 23, 1866, P. L. 303, the lien thereon has been lost and the property is not subject thereto." Thereupon the plaintiff entered a rule on Morrell for judgment for want of a sufficient affidavit of defense, which the court subsequently discharged.

The plaintiff having excepted took this appeal and assigns for error, (1) the opening of the judgment; (2) the refusal of judgment for want of a sufficient affidavit of defense.

By the act of 1865, as amended by the act of 1867, which makes it the duty of purchasers of real estate in Philadelphia to return their properties for registration in the registry bureau, it is provided, that "no property, so returned, shall be subject to sale, for taxes, or other municipal claims thereafter to accrue, as a lien of record thereon, except in the name of the owner, as returned, and after recovery by suit, and service of the writ on him, made as in the case of a summons." Philadelphia v. Nell, 31 Pa. Superior Ct. 78, is authority for the proposition that these acts do not make it a prerequisite to the revival of the lien of a municipal claim, which was duly filed and prosecuted to judgment against the actual and registered owner, that one who became the owner of the land and registered his title, "after the claim accrued as a lien of record,"

be made a party to the scire facias to revive or be served with the writ.        ·

We are unable to agree with the appellant's counsel that that decision is a conclusive adjudication of the question upon which the present case turns. In the case cited the question was as to what must be done to keep the lien in life after the claim has been duly prosecuted to judgment. In the present case the question is as to what must be done to duly prosecute the claim to judgment. In the former case, differing from the present, the question of the applicability and effect of the Act of March 23, 1866, P. L. 303, and the Act of June 10, 1881, P. L. 91, did not arise, and, therefore, was not considered; whilst it is upon the ground that the provisions of those acts were not complied with that the appellee rests his contention that the scire facias was not effectual to continue the lien. One purpose of the act of 1866, as shown by the preamble, was to remedy the great injustice that was frequently done to the owners of property liened by the city, who were ignorant of the existence of claims against the same, by the accumulation of costs of suit thereon, and by selling said properties without actual notice to them. The remedy provided, and declared to be a substitute for the advertisement that under previous laws was required before suit could be brought on such claims, was "that before any scire facias shall be issued on any such claim, it shall be the duty of the city solicitor to cause diligent search to be made, by an assistant, or clerk, for the owners or reputed owners of all real estate, against which there has heretofore been, or may hereafter be, filed, any claim in the name of the city of every kind, and to serve him, or her, with a written, or printed, notice, to make payment to the city solicitor, within ten days." And further on in the act it was provided, that "if such inquiry shall ascertain the name of the true owner, he shall have notice as aforesaid, and his name shall be suggested on the record, and he, or she, be made a defendant, in any suit to be brought for such claim." Having regard to the remedial purpose of the law, it would be a strained construction of the words "true owner" that would restrict them to the person who was owner at the time the

claim was filed, and it needs no argument to show that the above-quoted provisions of the act are not merely directory. It is true, as suggested by appellant's counsel, that Morrell neither in his petition nor in his affidavit of defense specifically alleged that the city solicitor or his assistant, or clerk, did not make diligent search in the registry bureau. On the other hand, it is to be noticed, it does not appear by the affidavit filed when the scire facias was issued that such search, or any search whatever, was made in order to ascertain the name of the true owner. Assuming as we must from the undenied averments of the defendant's petition and affidavit of defense, until the contrary is alleged and proved, that Morrell's title was duly registered in 1899, it has not been made clear how a diligent search could have resulted in a failure to find it. When it is remembered, further, that within two days after the writ was issued the city and the use plaintiff joined in suggesting of record that Morrell was the actual and present owner, it is impossible to presume as matter of law that the diligent search which the act makes necessary was made before the preliminary notice was given and the scire facias was issued, and that such search was unsuccessful. As the learned judge below well says, the fact that the city put his name on the record as actual and present owner requires us to consider that some effect was intended and produced. It is not fairly to be presumed, in the absence of any qualifying words in the suggestion going to show that he became the owner after the scire facias issued, that this was what was meant to be asserted. For, if that is what was intended, why suggest his name of record at all? The natural conclusion is that the diligent inquiry the plaintiff was required to make (whether made before the issuing of the scire facias, as the act requires, or postponed until after it was issued, is immaterial), resulted in the ascertainment of facts which, under the act of 1866, made it necessary to suggest Morrell's name of record. And if this be the true conclusion, the plaintiff could not prosecute the claim to judgment without giving him notice or even service of the writ upon him.

It is claimed that the failure to give him notice or serve the

writ upon him was waived by his general appearance after the judgment was opened. But this was nearly nine years after the claim was filed, and surely it cannot be held that an appearance for the purpose of setting up the defense that the lien of the claim had expired four years before the appearance was entered, was a waiver of that defense.

It is further suggested that the act of 1866 is one of the acts expressly mentioned in the repealing clause of the Act of June 4, 1901, P. L. 364. This is true, not only of the act of 1866, but of other acts relating to the subject, upon which the plaintiff must rely unless the act of 1901 controls. But sec. 41 of that act provides: "This act shall only apply to claims wherein the right to file a lien after the date of its approval; but the right of other claimants under existing laws, shall remain unaffected by its passage, and all claims properly filed thereunder are hereby validated." And in the last section is the express declaration, "it being intended that this act shall furnish a complete and exclusive system in itself, so far as relates to the practice and procedure for the filing, collection and extent of tax and municipal claims, the right to file which accrued after the approval of the act." This claimant is one whose rights, under existing laws, are unaffected by the act of 1901, but the same provision which preserves his rights "as they existed prior to the act of 1901," would seem necessarily to keep in force also the laws defining and limiting them. Accordingly, it has been held "to be a fair conclusion from the language of the statute that notwithstanding its repealing clauses it was not intended to repeal the act of 1891, so far as applied to the collection of claims, the right to file which accrued before the act of 1901:" Scranton v. Stokes, 28 Pa. Superior Ct. 434. The same reasoning which led to this conclusion would result in saving the act of 1866 and making it applicable to the claim in question. This, we think, is clearly shown by the opinion of our Brother HENDERSON to be the better view, and therefore we adhere to our former ruling. But even if it be conceded, as the learned judge below suggests but does not decide, that the act of 1901 became immediately operative as to all claims, so far as procedure for con-

tinuance of the lien and collection of the debt is concerned, the action of the court was right because the provisions of the act of 1901, relating to procedure, were not followed.

It is suggested by appellee's counsel that in addition to affirming the orders of the court below, we ought also to strike off the lien. It is a sufficient answer to this suggestion to say, without more, that the appellee has not appealed from the action of the court in that particular.

The order opening the judgment is affirmed, and the appeal from the order refusing judgment for want of a sufficient affidavit of defense is dismissed at the costs of the appellant. ·