## Keystone State Building & Loan Association, Appellant, *v.* Butterfield.

*Taxes—School taxes—Liens—Duration—Act of June 1, 1915, P.
L. 660.*

School taxes which were liens, and upon which writs of scire
facias had been issued, prior to the passage of the Act of June
1, 1915, P. L. 660, which amended the Act of May 21, 1913, P. L.
285, were vested rights secured under the Act of June 4, 1901, P.
L. 364, and are payable out of the funds, raised by a sale of the
property, in the hands of the sheriff.

The repeal of a statute will not operate to impair rights vested
under it, nor affect existing liens acquired under it.

*Constitutional law—Insufficient title—Act of May 10, 1917, P.
L. 162.*

The title of the Act of May 10, 1917, P. L. 162, validating tax
liens filed since May 21, 1913, gives no notice that this act author-
izes the filing of tax liens under the provisions of the Act of June
4, 1901, P. L. 364, for a period of three months after its approval,
and to that extent it is unconstitutional and void.

The Act of May 21, 1913, P. L. 285, as amended by the Act of
June 1, 1915, P. L. 660, provides a remedy to enforce a lien created
under the Act of June 4, 1901, P. L. 364. The duration of such
lien, as fixed by the Act of 1901, is three years after the year in
which the tax was levied.

Argued April 22, 1920.   Appeal, No. 100, April T.,
1920, by plaintiff, from order of C. P. Beaver County,
June T., 1919, No. 6, sustaining exceptions to payment

KEYSTONE S. B. & L. A., Appel., *v.* BUTTERFIELD. 583

582, (1920).] Statement of Facts—Opinion of the Court.

of liens for school taxes in the case of Keystone State Building & Loan Association for use of Beaver Trust Company v. Frank Butterfield, Mortgagor, and Harry D. Anderson, owner. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Exceptions to Sheriff's distribution. Before BALDWIN, P. J.

The facts are stated in the opinion of the Superior Court.

The court sustained the exceptions. Plaintiff appealed.

*Error assigned,* among others, was the order of the court.

*W. S. Moore,* for appellant, cited: Bradford County v. Beardsley, 60 Pa. Superior Ct. 482; Lawrence County v. New Castle, 18 Pa. Superior Ct. 313; Finn v. Mellon, 71 Pa. Superior Ct. 7; Finn v. Mellon, 265 Pa. 147; Kraus v. Phila., 265 Pa. 439.

*Charles R. May,* of *Hice, Morrison, Reader & May,* for appellee, cited: Fenelon's Petition, 7 Pa. 173; Hickory Tree Road, 43 Pa. 139; Commonwealth v. Honeybrook Coal Company, 2 Pearson 365; Com. v. Buffalo & Erie R. R. Co., 2 Pearson 376; 3 Brewster 386; Pacific & Atlantic Telegraph Company v. Com., 66 Pa. 70; 3 Brewster 517; Com. v. Robb, 14 Pa. Superior Ct. 597; Com. v. Mortgage Trust Company of Pa., 227 Pa. 163.

OPINION BY KELLER, J., July 14, 1920:

On May 31, 1919, lands were sold under a levari facias issued against Frank Butterfield, mortgagor, and Henry D. Anderson, real owner. Certain tax claims were presented against the fund realized from the sale by the school district of Beaver Falls, which were allowed by the court below, in proceedings under the Act of April

20, 1846, P. L. 411.    From this ruling the use-plaintiff in the mortgage has appealed.

The tax claims are divisible into three groups:

(1)  The first class embraces school taxes for the years 1906, 1907, 1908 and 1909, for which liens were regularly filed in the prothonotary's office and writs of scire facias thereon duly issued under the Act of June 4, 1901, P. L. 364, prior to the approval of the Act of June 1, 1915, P. L. 660, which amended the Act of May 21, 1913, P. L. 285, so as to extend its provisions to school taxes.    Judgment was, however, not entered in the several sci. fas. until October 9, 1916.    The situation as to these taxes at the passage of the Act of 1915 then was:    The school district had complied with the provisions of the act of assembly in force when they were levied, had filed municipal claims in the prothonotary's office as directed by law and had thus secured valid liens of record on the real estate against which the taxes were assessed which were vested rights, prior to the Act of 1915, and writs of scire facias had been issued on these claims within the time fixed by the Act of 1901.    Had the real estate been sold by the sheriff at any time prior to June 1, 1915, for a sum sufficient to pay these claims, they would have been paid without further action on the part of the school district.    After the passage of the Act of June 1, 1915, but within five years from the issuance of the writs of scire facias, judgment was entered in said suits.    No provision is made in the Act of 1913, or the Act of 1915, by which the taxes covered by these claims can be collected.    Unless, therefore, the claims are upheld the land is absolved from their payment.

In Bradford County v. Beardsley, 60 Pa. Superior Ct. 478, it was held by this court that after the passage of the Act of May 21, 1913, a municipal claim for county and poor taxes for the year 1912 could not be filed in the prothonotary's office in 1914, under the provisions of the Act of June 4, 1901; that the later act repealed the earlier with respect to the method or remedy provided

for the collection of delinquent taxes.    But Judge KEP-
HART said in the opinion in that case: "The Act of 1913
does not take away all remedy, but provides a new pro-
cedure for enforcing the collection of these taxes.    If the
Commonwealth had provided no method for the collec-
tion of the then existing taxes, there would be such
vested right in the Commonwealth to enforce the col-
lection of these taxes as would preserve to the Common-
wealth the repealed procedure.    It is not the policy of
the law to permit delinquents to escape payment of a
levied tax."    This was in accord with the decisions of
the Supreme Court and this court construing other stat-
utes which changed the method of determining the
amount of taxes or the remedy for their recovery, but evi-
denced no intention to release or remit taxes which had al-
ready accrued: Com. v. Mortgage Trust Co., 227 Pa. 163;
P. & A. Telegraph Co. v. Com., 66 Pa. 70; Com. v. Robb,
14 Pa. Superior Ct. 597; Scranton v. Stokes, 28 Pa. Su-
perior Ct. 434; Phila. v. Mason, 37 Pa. Superior Ct. 478.
See also Tiegel v. Love, 61 Pa. Superior Ct. 149.    The
repeal of a statute will not operate to impair rights
vested under it:  36 Cyc. 1224-1225;  State v. Hackman,
199 S. W. 990 (Mo.) ;  Long Sault Dev. Co. v. Kennedy,
105 N. E. 849, 212 N. Y. 1;  nor affect existing liens ac-
quired under it:  Capital State Bank v. Lewis, 64 Miss.
727, 2 Southern 243.    The record liens were vested
rights secured under the Act of 1901, and were, there-
fore, not affected by the Act of 1915, and the court below
was right in holding them to be payable out of the fund.

(2) The second class comprises school taxes for the
years 1910, 1911, 1912 and 1913.    Municipal claims were
duly filed in the prothonotary's office for all these taxes
before the approval of the Act of June 1, 1915;  they
differ from the first group only in the fact that writs of
scire facias were not issued prior to the enactment of
that statute.    Sci. fas. were issued on the 1910 and 1912
tax claims on August 1, 1918.    The claim for the 1911
and 1913 taxes was not filed until December 29, 1914,

and no scire facias was issued upon it. The legal principles discussed under the first group of claims are also applicable here. All of the claims were valid and subsisting liens of record,—and therefore vested rights—against the real estate subsequently sold at sheriff's sale when the Act of June 1, 1915, became a law, and the Acts of 1913 and 1915 provided no method for their collection, for the period within which these taxes might be returned to the county treasurer,—"on or before the first day of February succeeding the date when the taxes were assessed"—had expired before the Act of 1915 was passed. For the reasons hereinbefore stated, the remedies provided by the Act of 1901 for the collection of these taxes were still available and the claims were payable out of the fund.

(3) Liens for taxes for the years 1914, 1915 and 1916, were not filed by the school district prior to the Act of June 1, 1915, but on August 10, 1917, one claim was filed covering the taxes for the three years. This was done pursuant to the Act of May 10, 1917, P. L. 162. The title to that Act is "An act to validate tax liens filed since the 21st day of May, 1913, under the provisions of the Act of June 4, 1901," etc. Its title gives no notice that the body of the act, in addition to validating such liens as had already been filed, authorized the filing of tax liens under the provisions of the Act of June 4, 1901, for the period of three months after its approval and to that extent at least the act is unconstitutional and void as in conflict with art. III, sec. 3, of the Constitution: Com. v. Thomas, 248 Pa. 256. As this claim was filed after the approval of the Act of May 10, 1917, it was not within the validating provisions of that Act and its filing was unauthorized and no valid lien was created thereby. But it was held in Finn v. Mellon, 71 Pa. Superior Ct. 8, (affirmed by the Supreme Court in 265 Pa. 147), that, although the Act of June 4, 1901, was repealed by the Act of May 21, 1913, so far as it related to the filing of liens for taxes and the method prescribed in the former

act for the collection of delinquent taxes, section 2 which specially made taxes a lien on seated lands was not repealed by the Act of 1913, and that this lien could be enforced under the provisions of the Act of 1913,—and, of course, as to school taxes, under the Act of June 1, 1915. The case did not decide for what length of time such taxes remained a lien. On this point we adopt the conclusion of the learned court of common pleas. It is our opinion that the duration of said lien is the period fixed by the Act of 1901 and its amendment of May 1, 1907, P. L. 130,—namely, three years after the year in which the tax was levied. As the Act of 1901 stood, when the Acts of 1913 and 1915 were passed, taxes were a lien for three years after the year in which levied, irrespective of the procedure for collection. The Act of 1913, as amended by the Act of 1915, provides a remedy to enforce the lien created by the Act of 1901. It is reasonable to suppose that it was the intention of the legislature that the lien should exist until the property could be sold under the Acts of 1913 and 1915. If the lien should be limited to the two-year period following the date of the levy of the tax, as contended by counsel for appellant, the lien would expire before the property could be sold, for the treasurer cannot proceed to sell the land until two full years have elapsed after such levy; and in addition allowance of time must be made for notice by advertisement for sixty days of the time and place of sale and for adjournments thereof. We are persuaded that the duration of the lien is to be regarded as fixed by the act which created it. As in the case of Finn v. Mellon, supra, the appellant did not challenge the lien of taxes for any particular year but the lien as a whole, and as the taxes for the year 1916 were, under our ruling as above, a valid lien on the property at the date of the sheriff's sale, the court did not err in dismissing the appellant's second exception, which constitutes the fifth assignment of error.

The exceptions are all overruled and the order of the court below is affirmed at the costs of the appellant.