## Settlement of Taxes.

342

SCHNADER, Special Dep. Att'y-Gen., Jan. 27, 1930.—We have your request to be advised regarding the procedure subsequent to the settlement of taxes in cases in which the settlements were made prior to July 1, 1929.

Your inquiry arises out of the following fact situation:

The Fiscal Code (Act of April 9, 1929, P. L. 343) became effective in part on June 1, 1929, and in part on July 1, 1929. Article v became effective on the former date and the remainder of the act on the latter.

Prior to the passage of The Fiscal Code, the procedure subsequent to the settlement of taxes was governed by certain sections of the Act of March 30, 1811, P. L. 145, and of The Administrative Code of 1925.

Section 11 of the Act of March 30, 1811, provided for the taking of appeals from settlements made by the Auditor General and State Treasurer, the appeal to be taken to the Court of Common Pleas of Dauphin County, but filed with the Auditor General and transmitted by him to the clerk of the court to be entered of record. With the appeal the act required that a specification of objections to the settlement be filed and that security be entered before one of the judges of the Court of Common Pleas "within ten days next after such appeal."

Section 16 of the same act provided that "the Auditor General and State Treasurer, at the request of each other or of the party, shall revise any settlements made by them except such as have been appealed from or which by any other proceedings have been taken out of their offices, if such request be made within twelve months of the date of settlement, but after that time no settlement on which a final discharge has been granted shall be opened, but the same shall be quieted and finally closed."

The Act of June 9, 1911, P. L. 738, amending the Act of April 8, 1869, P. L. 19, authorized the Auditor General, the State Treasurer and the Attorney-General "to revise any settlement made with any person or body politic by the Auditor General, when it may appear from the accounts in his office, or from other information in his possession, that the same has been erroneously or illegally made." The three officers named were authorized to resettle the account "according to law and to credit or charge, as the case may be, the amount resulting from such resettlement upon the current accounts of such person or body politic."

Section 1102 of The Administrative Code of 1923 (Act of June 7, 1923, P. L. 498) transferred to the Board of Finance and Revenue, created by it, the powers which the Act of 1911 authorized the Auditor General, the State Treasurer and the Attorney-General to exercise, and re-enacted them without substantial change.

The Fiscal Code repealed, as of July 1, 1929, sections 11 and 16 of the Act of March 30, 1811, P. L. 145. The Administrative Code of 1929 (Act of April 9, 1929, P. L. 177) repealed, as of June 1, 1929, section 1102 of The Administrative Code of 1923.

In lieu of the repealed provisions, The Fiscal Code provided in section 1102 that within ninety days after the date of any settlement—"date of settlement" being defined in section 1 (a)—a petition for resettlement may be filed with the department which made it; in section 1103, that within thirty days after notice by such department of the action taken in disposing of a petition for resettlement the party aggrieved may file a petition for review with the Board of Finance and Revenue; in section 1104, that within sixty days after the decision of the Board of Finance and Revenue, upon a petition for review, an appeal may be taken to the Court of Common Pleas of Dauphin County, the appeal to be lodged with the Department of Justice, which must transmit it to the clerk of the Court of Common Pleas of Dauphin County; in section 1105, that within one year after the date of settlement or date of resettlement of any account, except such as have been appealed from, the department which made the settlement may by petition request the Board of Finance and Revenue to authorize a resettlement thereof "upon the ground that it appears from the accounts or other information in the department's possession that the settlement or resettlement was erroneously or illegally made;" in section 502, that "upon the presentation to it of a petition for review, as hereinafter provided," the Board of Finance and Revenue shall have power "to revise any settlement made with any person, association, corporation, body politic or

public officer by the Department of Revenue or by the Department of the Auditor General and the Treasury Department;" and in section 503, that within certain time limits, the Board of Finance and Revenue shall have power to hear petitions for the refund of taxes and other moneys paid to the Commonwealth "as the result of an error of law or of fact or of both law and fact," and if the petition be allowed "to refund such taxes . . . or other moneys out of any appropriation or appropriations made for the purpose, or to credit the account of the person, association, corporation, body politic or public officer entitled to the refund."

Section 3 of The Fiscal Code provides that all rights, powers and duties transferred by the Code in whole or in part to a department, board, commission or officer not previously charged with the performance of such functions "shall be vested in, exercised by and imposed upon the department, board, commission or officer to which or to whom the same are transferred by this act, and not otherwise." It also provides that every such act shall have the same legal effect as if done by the agency formerly to perform it, and that "every person, association or corporation shall be subject to the same obligations and duties, but no others, and shall have the same rights" as if the rights or powers of the new administrative agency had been exercised by the predecessor agency.

Section 5 saves "all petitions, hearings and other proceedings pending before any department, board, commission or officer, and all prosecutions and other legal proceedings of every kind and description" begun by a department, board, commission or officer and not completed upon the effective date of The Fiscal Code, such proceedings to "continue and remain in full force and effect notwithstanding the passage of this act." It also specifically provides that the Department of Revenue shall settle and collect taxes upon reports filed with the Department of the Auditor General prior to the effective date of the Code with the same force and effect as if such settlements and collections had been made by the Auditor General and State Treasurer under existing laws, "but, upon the settlement of any such tax, the procedure for resettlement, review, appeal and collection shall be that provided by this act."

Section 201 provides that: "Except as otherwise in this act provided, the Department of Revenue shall exercise the powers and perform the duties heretofore exercised and performed by the Auditor General, the State Treasurer, the Insurance Commissioner and all other departments, boards and commissions . . . in the settlement of taxes, and the collection of taxes, license fees and other moneys due the Commonwealth."

Section 501 provides that, "subject to any inconsistent provisions in this act contained," the Board of Finance and Revenue "shall continue as the successor to the board created by the Act approved the eighth day of April, one thousand eight hundred and sixty-nine, . . . its amendments and supplements."

Under section 1802, the provisions of The Fiscal Code, "as far as they are the same as existing laws, shall be construed as a continuation of such laws and not as new enactments."

From this detailed recital of the statutory law relevant to a consideration of your inquiry, it is apparent that, as far as concerns *jurisdiction* to resettle taxes and to hear and determine appeals from settlements, The Fiscal Code has not effected any changes, except that the jurisdiction of the Auditor General and State Treasurer to settle and resettle taxes has been transferred to the Department of Revenue, subject to approval by the Department of the

Auditor General; but the procedure to be followed in seeking a resettlement or taking an appeal has been modified radically.

Your board continues to have the power to resettle taxes, conferred upon it by the Acts of 1869, 1911 and 1923, but the power can be exercised only after petitions for resettlement or for review have been filed as provided in sections 1102 and 1103 of The Fiscal Code.

The Department of Revenue as the successor of the Auditor General continues to have the power to resettle taxes, but only if either *(a)* a petition for resettlement has been filed with it within ninety days, as provided in section 1102 of The Fiscal Code, or *(b)* if your board, acting under section 1105, has authorized a resettlement.

The Court of Common Pleas of Dauphin County continues to have jurisdiction to hear and determine appeals from tax settlements, but an appeal can be taken only after the appellant has filed a petition for resettlement under section 1102 and a petition for review under section 1103; and he must file his appeal through the Department of Justice instead of through the office of the Auditor General.

To what extent are these procedural changes applicable in the case of tax settlements made prior to July 1, 1929, when The Fiscal Code became effective, and sections 11 and 16 of the Act of March 30, 1811, were repealed; and what was the effect of the repeal on June 1, 1929, of section 1102 of The Administrative Code of 1923?

In considering these questions, there are several well-settled principles of statutory construction which must be kept in mind.

"Legislation which affects rights will not be construed to be retroactive unless it is declared so in the act. But where it concerns merely the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage:" Kuca *v.* Lehigh Valley Coal Co., 268 Pa. 163, 166, citing Kille *v.* Reading Iron Works, 134 Pa. 225, 227; Lane *v.* White, 140 Pa. 99, 101; Laukhuff's Estate, 39 Pa. Superior Ct. 117, 119; Long's Appeal, 87 Pa. 114.

"When a proceeding founded upon one act of assembly is commenced and, while pending, another act is passed taking away the jurisdiction, the proceeding falls; but where the remedy only is changed, it continues under the forms directed by the new act, where it applies:" Bradford County *v.* Beardsley, 60 Pa. Superior Ct. 478, 483, citing Hickory Tree Road, 43 Pa. 139; Com. *v.* Robb, 14 Pa. Superior Ct. 597; Com. *v.* Mortgage Trust Co., 227 Pa. 163.

In the case last cited Mr. Justice Elkin said, at page 183: "We think the sound rule is, especially as to acts which provide for the assessment and collection of annual taxes, that a statute repealing former laws on the same subject does not abolish all rights and remedies under the repealed acts, if the legislative intent not to abolish them appeared."

In Hickory Tree Road, 43 Pa. 139, 143, Chief Justice Lowrie said: "And the distinction adopted by us, that proceedings fall on the repeal of the *jurisdiction*, and continue on the repeal or change of the *remedy*, appears often in our books as one of undoubted validity."

"The repeal of a statute will not operate to impair rights vested under it:" Keystone S. B. & L. A. *v.* Butterfield, 74 Pa. Superior Ct. 582, 585. See, also, Tiegel *v.* Love, 61 Pa. Superior Ct. 149, 157; Philadelphia *v.* Mason, 37 Pa. Superior Ct. 478, 487; Scranton *v.* Stokes, 28 Pa. Superior Ct. 434.

Before applying these principles, we desire to point out that:

*(a)* As to the procedure to be followed in settling taxes upon reports filed with the Auditor General, but not settled prior to July 1, 1929, section 5 of

The Fiscal Code leaves no room for doubt. These settlements are to be made by the Department of Revenue, but "the procedure for resettlement, review, appeal and collection shall be that provided by this act."

*(b)* As to all matters arising in connection with any tax settlement not concluded by payment, regardless of the date of the settlement, the Department of Revenue has displaced and been substituted for the former taxing officers, and has the right to take any steps and perform any acts which the former officers would have had the right to take if The Fiscal Code had merely modified procedure without transferring functions. (See sections 3, 5 and 201 of The Fiscal Code.) Accordingly, in our opinion, when the Legislature, in section 1102, provided that "within ninety (90) days . . . the party with whom . . . the settlement was made, may file, with the *department which made it,* a petition for resettlement," and, in section 1105, that "the *department which made the settlement* may, by petition, request the Board of Finance and Revenue to authorize a resettlement," it intended the underscored expressions to include the Department of Revenue, successor to the Auditor General, as far as settlements made prior to July 1, 1929, are concerned.

*(c)* The repeal of section 1102 of The Administrative Code of 1923 by The Administrative Code of 1929 did not affect the continuous existence of the Board of Finance and Revenue (section 202 of The Administrative Code of 1929), and neither The Fiscal Code nor The Administrative Code of 1929 transferred to any other agency any function previously exercised by the Board of Finance and Revenue. The new legislation merely modified the procedure for bringing before the board requests for resettlement and (sections 503 and 1105 of The Fiscal Code) substantially enlarged the jurisdiction.

*(d)* All pending proceedings in connection with the settlement and collection of taxes are expressly saved by section 5 of The Fiscal Code. Specifically included are "legal proceedings of every kind and description."

With these observations in mind, let us apply the principles of statutory construction previously stated.

We advise you that:

1. Appeals to the Court of Common Pleas, taken prior to July 1, 1929, are not affected by the passage of The Fiscal Code. The court has the same jurisdiction which it formerly enjoyed, and, in any event, section 5 clearly evidences the Legislature's intention not to interfere with any such pending proceedings.

2. Petitions for resettlement filed with the Auditor General prior to July 1, 1929, may be concluded by the Department of Revenue, with the approval of the Department of the Auditor General, under section 5 of The Fiscal Code, as the function of acting upon such petitions has been transferred to the Department of Revenue, acting, however, with the approval of the Department of the Auditor General (section 1102). However, when a decision has been rendered upon any such petition, the taxpayer, if dissatisfied, must file a petition for review under section 1103. He cannot appeal to the court without this intermediate proceeding.

3. Petitions for resettlements filed with the Board of Finance and Revenue *prior to June 1, 1929,* may be disposed of as formerly, but when the board has acted, there is no appeal from its decision, under section 1104. Such petitions were not petitions for review; and prior to the passage of The Fiscal Code, the law did not provide an appeal from the action of the board on a petition for resettlement.

4. The right to file petitions for resettlement with the Board of Finance and Revenue expired on June 1, 1929, after which date all such petitions were required to be filed with the department which made the settlement. (In another opinion rendered today, we are advising you fully as to the disposition of petitions for resettlement erroneously filed with your board since June 1, 1929.)

5. The Department of Revenue, acting as the successor to the Auditor General, does not have any jurisdiction to entertain a petition for resettlement filed after July 1, 1929, unless such petition was filed within ninety days after the date of settlement, as required by section 1102 of The Fiscal Code; but it may, acting as successor to the former settling officers, petition the Board of Finance and Revenue, under section 1105, for permission to make a resettlement, if the petition be filed within one year after the date of settlement or prior resettlement.

6. With respect to settlements made by the Auditor General and State Treasurer within ninety days of July 1, 1929, the procedure available to the taxpayer was as follows:

*(a)* He could appeal, under the Act of 1811, within sixty days of the date of settlement, if the appeal was taken prior to July 1, 1929. Having appealed, the Court of Common Pleas of Dauphin County has the right to determine the case as prior to the passage of The Fiscal Code. Having appealed, no other proceedings are permissible, as section 16 of the Act of 1811 was not, and section 1105 of The Fiscal Code is not, applicable if an appeal has been taken.

*(b)* Not having appealed, he could, prior to July 1, 1929, file a petition for resettlement with the Auditor General. In this case, if the Auditor General acted upon the petition prior to July 1, 1929, the taxpayer could appeal within sixty days of the date of resettlement (Com. *v.* Wyoming Valley Ice Co., 165 Fed. Repr. 789; Tax Settlement Rules, 43 Pa. C. C. Reps. 489), but unless the appeal was taken prior to July 1, 1929, it could be taken only after action of the Board of Finance and Revenue upon a petition for review, filed under section 1103 of The Fiscal Code.

*(c)* He could, after July 1, 1929, and within ninety days after the date of settlement, file a petition for resettlement with the Department of Revenue as successor to the settling departments, and thereafter the procedure would be by petition for review and appeal; or

*(d)* Having neither appealed nor filed a petition for resettlement within the periods mentioned in *(a)*, *(b)* and *(c)*, he could, prior to June 1, 1929, file a petition for resettlement with the Board of Finance and Revenue, or he could, after July 1, 1929, file a petition for refund, under section 503 of The Fiscal Code, after *paying the tax*, or, without paying the tax, he can seek to have the Department of Revenue, as successor to the settling departments, apply to your board within one year after the date of settlement for permission to make a resettlement, under section 1105 of The Fiscal Code.

7. With respect to settlements made by the Auditor General and State Treasurer more than ninety days prior to July 1, 1929, the procedure available to the taxpayer was as follows:

*(a)* He could appeal within sixty days after the date of settlement.

*(b)* Not having appealed, he could file a petition for resettlement with the Auditor General prior to July 1, 1929, but within one year of the date of settlement. As already stated, if the Auditor General resettled the tax prior to July 1, 1929, an appeal could be taken from the resettlement, provided it was taken prior to July 1, 1929.

348

*(c)* He could, prior to June 1, 1929, file a petition for resettlement with the Board of Finance and Revenue.

*(d)* Having pursued none of these courses, he could, after July 1, 1929, file a petition for a refund or seek to have the Department of Revenue obtain from your board permission to resettle the account as outlined in the case of settlements made within ninety days of July 1, 1929.

From C. P. Addams, Harrisburg, Pa.