## Borough of Rockledge v. Baus

*Elmer C. Pfeiffer*, for petitioner.
*Roland Fleer*, for respondent.

KNIGHT, P. J., December 17, 1937.—In 1929, the Borough of Rockledge filed a lien for paving and curbing in front of a vacant lot, the property of Fred Baus. The amount of the lien was $175.40, of which the then owner of the lot paid $100.

By deed dated February 9, 1934, and recorded on March 23, 1934, the trustee in bankruptcy of Baus conveyed the above-mentioned lot to petitioner.

On May 24, 1934, the borough issued a sci. fa. on the lien. This writ was directed to "the Real Property hereinafter described, Fred Baus, owner or reputed owner or whoever may be the owner." The sheriff made return that he had served Baus personally and had posted the vacant lot.

On May 7, 1937, petitioner presented a petition, on which this rule was granted, to show cause why the lien should not be stricken off. The sole reason advanced in support of the rule is that petitioner was not named in the sci. fa. and was not served with the writ.

It was stated at the argument, without any contradiction, that, as a matter of fact, petitioner had actual notice of the lien and of the sci. fa.

The borough filed its lien under the Act of May 16, 1923, P. L. 207, and there is no express direction in this act that the real, true, or present owner of the liened property must be made a party to a sci. fa. issued on the lien, or must be served with the writ. Section 17 provides:

"The claimant, when he files his præcipe for the writ of scire facias, may direct the prothonotary to add and insert the names of any persons whom the claimant may know to have an interest in the premises, and the scire facias shall be issued containing such additional names."

Counsel for petitioner argues that the above provision is mandatory, and that it was the duty of the borough to search the records, to ascertain the name of the present owner, and to add it to the writ.

We cannot agree with this. The word used by the legislature was "may", and not the mandatory word "shall". Other provisions of the act (see sections 12 and 19) indicate plainly that the omission of the name of someone having an interest in the property is not a material defect and does not afford ground for striking off the lien.

A municipal lien or claim is a proceeding in rem; the judgment under it binds only the res.

"It is a distinguishing characteristic of judgments in rem that direct notice to the parties having interests in the subject matter of the litigation is not essential to their validity": 15 R. C. L. 633.

In the present case, petitioner had constructive, if not actual, notice of the lien and sci. fa.

Counsel for petitioner relies upon the case of Philadelphia, to use, v. Mason, 37 Pa. Superior Ct. 478, but that case is not in point, since the statutes under which it was decided required notice to be given to the "true owner" and were mandatory in their language.

In Philadelphia, to use, v. Nell, 31 Pa. Superior Ct. 78, it is said at page 82:

"If a terre-tenant is entitled to notice of a scire facias upon a municipal claim which accrued as a lien of record before he acquired title, it can only be because of the . . . registry acts of 1865 and 1867." These acts applied only to the City of Philadelphia.

The petitioner still has an opportunity of contesting the validity of the lien, if he has any real defense, but we are all of the opinion that the fact that he was not named as a party to the sci. fa. or served with the writ is not sufficient to strike off the lien.

And now, December 17, 1937, the rule is discharged and the petition dismissed, at the cost of petitioner.